**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| DALIBOR BALOUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 16-cv-0111 (KBJ) |
| | ) | |
| REX W. TILLERSON, *Secretary of State*, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Until he was fired on July 13, 2012, pro se plaintiff Dalibour Baloun was employed for four years as an engineer at the United States Embassy in Prague, Czech Republic. Baloun, who is a citizen and resident of the Czech Republic, has filed the instant action against the Secretary of the U.S. Department of State, claiming national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, due to poor performance reviews that Baloun received and the agency's ultimate termination of his employment.

Before this Court at present is the State Department's motion to dismiss Baloun's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See* Def.'s Mot. to Dismiss Compl., ECF No. 6.) The agency contends that the protections of Title VII do not extend to foreign nationals who are employed outside of the United States, and therefore Baloun's Title VII claims must be dismissed. (*See id*. at 5–6

(citing *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 422 (D.C. Cir. 2005), *Alipio v. Winter*, 631 F. Supp. 2d 29 (D.D.C. 2009)).)[1]

This Court agrees. It is well-settled law in this jurisdiction that the protections of Title VII do not extend to non-citizens who are employed outside of the United States. *See Shekoyan*, 409 F.3d at 421–22 ("Title VII does not extend extraterritorially to any person who is not an American citizen."); *Licudine v. Winter*, 603 F.Supp. 2d 129, 136 (D.D.C. 2009) (dismissing Title VII claim where plaintiff was employed in the Phillippines and was not a U.S. citizen). Baloun resides in, and is a citizen of, the Czech Republic (*see* Compl., ECF No. 1, at 2, 4–5), and the claims he has brought against the State Department under Title VII relate to his employment as an engineer at the United States Embassy in Prague (*id.* at 2, 6). As a non-citizen of the United States, Baloun cannot bring a Title VII action relating to his employment abroad. *Shekoyan*, 409 F.3d at 421–22.

Consequently, this Court need not decide whether the most appropriate vehicle for the dismissal of Baloun's complaint is Federal Rule of Civil Procedure 12(b)(6), *see Alipio*, 631 F. Supp. 2d at 29 (concluding that "an alien to whom Title VII does not apply" has "fail[ed] to state a claim upon which relief can be granted"), or Federal Rule of Civil Procedure 12(b)(1), *see Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 68 (D.D.C. 2002) (finding that "a permanent resident alien, who was employed extraterritorially," is "outside the scope of the protections of Title VII" and thus the court "lacks subject matter jurisdiction" over his Title VII claim), *aff'd*, 409 F.3d 414

---

[1] Page numbers herein refer to those that the Court's electronic case filing system automatically assigns.

(D.C. Cir. 2005).[2] Regardless, the State Department's motion to dismiss the instant action must be **GRANTED**.

A separate order consistent with this memorandum opinion will follow.

Date: March 30, 2017

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

---

[2] The D.C. Circuit has not spoken directly to the question of whether a Title VII claim brought by an alien regarding oversees employment is *jurisdictionally* deficient; however, the Seventh Circuit has determined that it is not. *See Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 869 (7th Cir. 2011) (explaining that the fact that "the protections of Title VII and the ADEA do not generally extend to aliens who work outside the United States . . . goes to the merits of a claim rather than the court's subject matter jurisdiction"); *see also id.* ("An employee's status as a foreign worker may prevent her success on the merits in a Title VII or ADEA case, but it is not a barrier to the court's power to adjudicate her case."). This Court need not resolve the issue here, because binding D.C. Circuit precedent makes clear that Baloun's claims cannot proceed in any event.